## FARNUM *v.* CONCORD HORSE RAILROAD.

A verdict is not set aside because of the introduction of immaterial evidence, unless its effect was prejudicial.

The charter of the defendants, a city street railway, permitted the use of such motive power as the mayor and aldermen should authorize. They authorized the use of "noiseless steam motors." Such motors are not in fact noiseless when in operation, although so called. The use of such motors is not unlawful, if that fact was known to the mayor and aldermen when their use was authorized.

CASE, for injuries from the defendants' negligent use and management of a steam motor upon their road. December 3, 1887, the plaintiff, while driving on the highway along which the defendants' track was laid, was thrown from his carriage and injured, from his horses' becoming frightened at a steam motor in use on the defendants' road.

The defendants' charter permits them to operate their road by such motive power as may be authorized by the mayor and aldermen of Concord. January 31, 1885, the mayor and aldermen authorized the defendants to use "noiseless steam motors" on that part of the road where the plaintiff was injured. The motors used by the defendants were not noiseless in their operation. It appeared (and there was no evidence to the contrary) that they were the kind in general if not universal use, and were known as, and came within the designation of, noiseless motors. Subject to exception, the defendants were permitted to show that petitions were presented to the mayor and aldermen praying that the use of the motors on the highway might be discontinued, and that the petitioners had leave to withdraw July 31, 1885.

The plaintiff contended that the motors, not being noiseless, were illegally in the highway, and that the defendants were liable for the injuries happening to him by reason of his horses' becoming frightened by them, without regard to the care used in their operation, provided they were calculated to frighten horses of ordinary gentleness and to render the ordinary use of the highway unsafe. The court ruled and instructed the jury otherwise, and the plaintiff excepted. Verdict for the defendants.

*D. F. Dudley* and *D. Barnard*, for the plaintiff.

*Albin & Martin*, for the defendants.

SMITH, J. The defendants had authority to use noiseless steam motors. They were not in fact noiseless in their operation, and it is probably impossible to make one that would be. If the term

"noiseless steam motor" had a technical or local meaning, parol evidence of that fact was competent. It does not appear that such evidence was objected to.

The evidence that petitions were presented to the mayor and aldermen asking that the use of such motors be discontinued, and that the petitioners had leave to withdraw, was competent, because it may have had some tendency to show implied authority from the board to use such motive power. But if the evidence had no such tendency, it was merely immaterial, and we cannot see that it was prejudicial.

If the motors used by the defendants, although not in fact noiseless in their operation, were known as "noiseless steam motors" and were so called, and that fact was known to the mayor and aldermen when their use was authorized, it follows that the instructions requested were not correct. It does not appear that the instructions given were incorrect.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.